UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-187(DSD/FLN)

United States of America,

    Plaintiff,

v.                                      **ORDER**

Michael Riley,

    Defendant.

    Angela M. Munoz-Kaphing, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    James S. Becker, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion by defendant Michael Riley to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

On September 21, 2006, Riley pleaded guilty to one count of Credit Union Robbery, in violation of 18 U.S.C. § 2113(a). On January 26, 2007, the court determined that Riley was a Career Offender under Sentencing Guidelines § 4B1.1 and sentenced him to 151 months' imprisonment. See ECF Nos. 37, 38, 42. On January 19, 2016, Riley filed a pro se § 2255 motion, and on July 25, the court

stayed the proceeding pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).[1] ECF No. 49, 50, 64. After the Supreme Court issued its decision in Beckles, the government filed an updated response. ECF No. 65. On April 10, 2017, the court ordered Riley to respond by May 11 or withdraw his motion. ECF No. 66. Riley did neither, so the court will resolve the motion on the briefs submitted.

**DISCUSSION**

**I. Beckles**

Riley argues that his sentence is unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Although Riley's sentence was based on the Sentencing Guidelines, not the residual clause of the ACCA, Riley argues that the holding in Johnson should apply to Guidelines § 4B1.1, which closely tracks the ACCA.

When Riley filed his motion, courts were divided as to Johnson's impact on the residual clause in the Guidelines. See United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding that the Guidelines were not subject to vagueness challenges); United States v. Madrid, 805 F.3d 1204, 1210-11 (10th

---

[1] On July 15, Riley was appointed legal counsel. See ECF No. 60.

2

Cir. 2015) (holding that Guidelines § 4B1.2(a)(2) is unconstitutionally vague). In Beckles, however, the Supreme Court held that the Guidelines were not subject to vagueness challenges. Beckles, 137 S. Ct. at 892. Therefore, the Guidelines under which Riley was sentenced are not unconstitutionally vague under Johnson, and his motion must be denied.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The court is firmly convinced that Riley's sentence was constitutional and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate his sentence [ECF No. 49] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 25, 2017

                                                          s/David S. Doty
                                                          David S. Doty, Judge
                                                          United States District Court